IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUE FERGUSON DAVIS,

        Plaintiff,

v.                                                      CIVIL ACTION NO.  2:11-cv-00879

BAYER AG, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff Sue Ferguson Davis's Motion to Amend Complaint to Join Union Carbide Company as a Party Defendant [Docket 38]. For the reasons discussed below, this Motion is **GRANTED in part** and **DENIED in part**.

The plaintiff's Motion requests that the court allow her to amend the Complaint and that the amendment relate back to the date of filing. (Mot. to Amend Compl. [Docket 38].) The plaintiff filed her Motion to Amend on March 9, 2012, which was within the time allowed by this court's scheduling order for parties to amend their pleadings. The defendants responded to the Motion, stating that they do not oppose the plaintiff's Motion to Amend. (Defs.' Resp. Supp. Pl.'s Mot. to Amend [Docket 43].)

Federal Rule of Civil Procedure 15 governs amendments to the pleadings. Rule 15 requires that after the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). In this case, the defendants have stated in writing that they do not oppose the plaintiff's

Motion to Amend.  Accordingly, the court **GRANTS in part** the plaintiff's Motion to Amend as to the plaintiff's request to add Union Carbide Company as a defendant in the instant case.

The plaintiff also seeks to have the amendment relate back to the date in which the case was initiated.  Rule 15(c) governs the relation back of amendments.  Rule 15(c) states in pertinent part that:

> An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C)(2)-(3).  Thus, in this case because the amendment changes a party against whom a claim is asserted, the amendment relates back if:

> (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party."

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007).

The Fourth Circuit has clarified the requirements for the relation back of amendments.  As to the notice requirement articulated in Rule 15(c)(1)(C)(i), the potential party to be added must receive within the limitations period "not only notice of the institution of an action but also notice of the possibility that the putative new defendant may be a defendant in that action."  *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).  Additionally, to satisfy Rule 15(c)(1)(C)'s knowledge requirement, an amendment may "relate back only where there has been an error made concerning the identity of the proper party . . . but it does not permit relation

back where . . . there is a lack of knowledge of the proper party." *Id*. (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)).

In this case, the Motion to Amend fails to satisfy Rule 15(c)'s requirements. The Motion to Amend does not establish that Union Carbide Company received notice of the instant action or notice that it "may be a defendant in that action" within the statute of limitations period. *See id*. Additionally, the Motion did not demonstrate that Union Carbide "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" it. *See* FED. R. CIV. P. 15(c)(1)(C)(ii). Thus, the requirements for the amendment to relate back to the date of the original pleading are not satisfied. Accordingly, the court **DENIES in part** the Motion to Amend as to the relation back of the amendment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

           ENTER:      May 30, 2012

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge